**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT A. SLOVAK,

          Plaintiff-Appellant,

v.

LYNN WHEELER, AKA Lynn Arlidge,
AKA Lynn Dorrington, AKA Lynn
Reardon, AKA Lynn Slovak,

          Defendant-Appellee.

No.   23-16113

D.C. No. 4:22-cv-02502-YGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted February 14, 2025[**]
San Francisco, California

Before: N.R. SMITH and JOHNSTONE, Circuit Judges, and CHRISTENSEN,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

Robert Slovak (Slovak) appeals the district court's dismissal of his diversity action for lack of personal jurisdiction against Lynn Wheeler (Wheeler), the widow of his deceased brother, Jack Slovak. Therein, Slovak alleges ownership of precious metals, including gold and silver, as well as cash and other valuables, worth an estimated $2.5 million. Slovak also appeals the district court's denial of his motion for leave to conduct limited jurisdictional discovery and the district court's dismissal of the complaint without leave to amend. We affirm.

1. The district court did not err in dismissing Slovak's complaint for lack of personal jurisdiction over Wheeler. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (applying de novo review). In order to determine whether Wheeler has the minimum contacts needed to support specific jurisdiction, we apply a three-part test:

> (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* at 802 (citation omitted).

2

Here, Slovak has not met his burden of establishing jurisdiction is proper. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). There is no competent evidence that Wheeler's shipping of her and Jack Slovak's property from Nevada to New Zealand (which traveled through ports in California) were contacts with California that qualified as purposeful availment or direction, *see id.* at 802–03, or that the claim arose out of those activities, *see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359–60 (2021).

2.      The district court did not abuse its discretion in denying Slovak leave to conduct limited jurisdictional discovery. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) ("A district court's decision to permit or deny jurisdictional discovery is reviewed for abuse of discretion."). Slovak has not alleged any facts beyond speculation that additional discovery would reveal contacts with the forum state. *See id.* (holding the district court did not abuse its discretion when request for discovery was "based on little more than a hunch that it might yield jurisdictionally relevant facts"). Moreover, even if Slovak could produce more evidence related to the shipping of property from Jack Slovak's estate, it would not establish personal jurisdiction over Wheeler.

3.      The district court did not abuse its discretion in dismissing Slovak's complaint without leave to amend. Slovak has not alleged any new facts that would

support a claim for relief. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017). Slovak merely reasserted that Wheeler committed out-of-state acts that had an effect in California, and he should be allowed to conduct limited discovery. Accordingly, the district court properly concluded that any opportunity to amend the complaint would be futile. *See id.* at 656.

**AFFIRMED.**